# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| TODD HILKER, | : | |
| Plaintiff, | : | Case No. 3:09cv00186 |
| vs. | : | District Judge Timothy S. Black |
| | | Magistrate Judge Sharon L. Ovington |
| MICHAEL J. ASTRUE, | : | |
| Commissioner of the Social | | |
| Security Administration, | : | |
| Defendant. | : | |

## REPORT AND RECOMMENDATIONS [1]

Previously in this Social Security case, the Court issued a Decision and Entry vacating the Administrative Law Judge's non-disability decision, remanding the matter for payment of Disability Insurance Benefits, and entering judgment accordingly. (Doc. #s 15, 19, 20). The case is presently before the Court upon Plaintiff's Motion for Attorney Fees Under Equal Access to Justice Act (EAJA), 28 U.S.C. §2412(d) (Doc. #22), Commissioner's Memorandum In Opposition (Doc. #23), Plaintiff's Reply (Doc. #24), and the record as a whole.

The Commissioner challenges as excessive certain fees for work Plaintiff's

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

counsel performed in September, October, and November of 2000. Plaintiff agrees that the total amount of EAJA fees she originally sought should not have included fees for two hours of work. *See* Doc. #24 at 198. Plaintiff has consequently reduced the requested amount of fees by two hours and now seeks a total of award of $5,230.88 (30.75 hours x $170.11 = $5,230.88). Given the lack of a dispute between the parties regarding this total amount, Plaintiff's Motion for EAJA fees – reduced to $5,230.88 – is well taken.

Next, Plaintiff explains that he has assigned his right to an EAJA award to his attorney. As a result of the assignment, Plaintiff seeks an Order directing the Government to pay the requested EAJA award directly to his attorney. A document attached to Plaintiff's Motion supports the existence of his assignment. *See* Doc. #22 at 191.

The Commissioner asks the Court not to award EAJA fees directly to Plaintiff's counsel in light of *Ratliff v. Astrue*, __U.S.__, 130 S.Ct. 2521, 2524, 177 L.Ed.2d 91 (2010).

In *Ratliff* the Supreme Court held: "a §2412(d) fees award is payable to the litigant and is therefore subject to a Government offset to satisfy a pre-existing debt that the litigant owes the United States." __U.S. at __, 130 S.Ct. at 2524; *see Bryant v. Commissioner of Soc. Sec.*, 578 F.3d 443, 447 (6th Cir. 2009)(same). In so holding, the Supreme Court recognized that historically the Commissioner paid EAJA fees directly to a prevailing plaintiff's attorney. __U.S. at __, 130 S.Ct. at 2528-29. The Court further noted that, based on the record before it, "the Government has since continued the direct payment practice only in cases where the plaintiff does not owe a debt to the government

and assigns the right to receive the fees to the attorney." *Id*. at 2529 (internal quotation marks omitted).

In the present case, the record lacks evidence tending to show that Plaintiff in fact owes a pre-existing debt to the United States that might cause his EAJA award to be subject to an offset under *Ratliff*. The Commissioner, instead, explains that once EAJA fees are awarded (if any), "the government will evaluate the propriety of directing payment to the attorney pursuant to an assignment." (Doc. #23 at 196). Because the Government effectively acknowledges that it does not know whether Plaintiff owes it a pre-existing debt, no ripe *Ratliff* issue exists. This conclusion is confirmed by *Ratliff* itself, where the government sought an EAJA offset based on its knowledge that the plaintiff owed it a debt that pre-dated the district court's approval of the EAJA award. __U.S. at __, 130 S.Ct. at 2424-25. In the present case, the Commissioner lacks such knowledge, and there is consequently no ground for the Commissioner to avoid or delay honoring Plaintiff's assignment of his EAJA fees to counsel. *Cf. Ratliff*, __U.S. at __, 130 S.Ct. at 2530 ("the litigant's obligation to pay her attorney is controlled not by the EAJA but by contract and the law governing that contract.")(Sotomayor, J., concurring).

Accordingly, Plaintiff's EAJA motion is well taken, minus the agreed-upon reduction.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Plaintiff's Motion For Attorney Fees Under Equal Access To Justice Act,

            28 U.S.C.§2412(d) (Doc. #22) be GRANTED in the reduced amount of $5,230.88;

2. The Clerk of Court be directed to enter Judgment in favor of Plaintiff and against the Commissioner of the Social Security Administration in the total amount of $5,230.88.

3. The Commissioner be directed to pay Plaintiff's EAJA award directly to his counsel of record; and

4. The case remain terminated on the docket of this Court.


December 3, 2010

                                                                                        s/Sharon L. Ovington  
                                                                                  Sharon L. Ovington  
                                                                    United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F).  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within fourteen days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).